# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Gilbert Thompson,

                Plaintiff,      Case No. 24-cv-13110

v.                            Judith E. Levy
                                 United States District Judge

Gary Miniard and Kirby,

                            Mag. Judge Anthony P. Patti

                Defendants.

_____/

## OPINION AND ORDER OF PARTIAL DISMISSAL

This is a *pro se* prisoner civil rights case brought under 42 U.S.C. § 1983. (ECF No. 1, PageID.3.) Plaintiff Gilbert Thompson, a Michigan state prisoner, is incarcerated at the Central Michigan Correctional Facility in St. Louis, Michigan. He sues two Defendants: Warden Gary Miniard and R.N. Kirby. (*Id.* at PageID.1–2, 5.) Plaintiff paid the filing fee in full. For the reasons set forth below, the Court dismisses certain portions of the complaint for failure to state a claim under 28 U.S.C. § 1915A.

## I.    Background: The Allegations in the Complaint

Plaintiff alleges that, on July 26, 2024, he sprained his left knee

while playing softball at Central Michigan Correctional Facility. (*See id.* at PageID.4–7.) Plaintiff received medical attention from Kirby, who is identified in the complaint as an "MDOC [Michigan Department of Corrections] medical employee." (*Id.* at PageID.5.) Kirby provided Plaintiff with an ice pack, an "ace bandage," and crutches, but no further care. (*Id.* at PageID.6.) Plaintiff's pain initially subsided; however, it eventually worsened due to "the delay in 'after care.'" (*Id.*) Plaintiff alleges that Kirby's failure to provide adequate and timely care for his injury delayed healing, caused unnecessary pain, and may lead to permanent damage to his ligament. (*Id.*)

Plaintiff alleges that Miniard was responsible for the prison's medical staff and the staff's "depart[ure] from 'the most fundamental standards' of accepted medical practi[c]e" in serving inmates like him. (*Id.* at PageID.5.) Plaintiff alleges that Miniard "failed to protect[ ] and take responsibility for the operation of his facility and staff." (*Id.*) Plaintiff also alleges that Miniard knew that his actions would result in Plaintiff possibly needing corrective surgery on his knee. (*Id.*)

Plaintiff alleges that Defendants' actions violated his right to be free from cruel and unusual punishment under the Eighth and

Fourteenth Amendments. (*Id.* at PageID.3–5.) Plaintiff takes issue with (1) Kirby's alleged refusal to refer Plaintiff to a knee specialist and (2) Defendants' alleged failure to have "a health-after-care service tasked to evaluate, promote, protect, and improve [Plaintiff's] physical and mental health," particularly given his age and that he has "special health care needs or . . . health issues like 'diabetes,' that would slow his recovery[ ] after injuries." (*Id.* at PageID.4–6.) Plaintiff states that the "lack of continued 'after care' ha[s] now caused him extreme pain, constant suffering, and [to be] barely able to walk long distances such as to and from[ ] the inmates' 'dining hall.'" (*Id.* at PageID.5.) Plaintiff seeks monetary relief. (*Id.* at PageID.6.)

## II.   Legal Standard

This court has stated that

[t]he Prison Litigation Reform Act of 1996 requires federal district courts to screen a prisoner's complaint and to dismiss the complaint or any portion of it if the allegations are frivolous, malicious, fail to state a claim for which relief can be granted, or seek monetary relief from a defendant who is immune from such relief. *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010) (citing 28 U.S.C. §§ 1915(e) and 1915A and 42 U.S.C. § 1997e); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). "District courts are required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing

fee, is a pauper, is pro se, or is represented by counsel, as the statute does not differentiate between civil actions brought by prisoners." *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997).

*Robinson v. DeAngelo*, No. 2:23-cv-10255, 2023 WL 2719430, at *1 (E.D. Mich. Mar. 30, 2023).

> As noted, Plaintiff paid the full filing fee for this action. Courts may not summarily dismiss a prisoner's fee-paid complaint under 28 U.S.C. § 1915(e)(2) because that section applies only to complaints filed *in forma pauperis. Benson v. O'Brian*, 179 F.3d 1014, 1015–17 (6th Cir. 1999). *Benson*, however, does not prohibit federal courts from screening a prisoner's fee-paid civil rights complaint against government officials under § 1915A. *Hyland v. Clinton*, 3 F. App'x 478, 478–79 (6th Cir. 2001).

*Smith v. Washington*, No. 2:18-cv-10736, 2018 WL 4030809, at *2 (E.D. Mich. Aug. 23, 2018); *see Johnson v. Purdy*, No. 19-13556, 2019 WL 6912759, at *2 (E.D. Mich. Dec. 18, 2019) ("Because [the plaintiff, a Michigan prisoner,] prepaid the filing fee for this action, the Court will not screen the complaint under 28 U.S.C. § 1915(e)(2), because that section applies only to complaints filed *in forma pauperis. Benson v. O'Brian*, 179 F.3d 1014, 1015–17 (6th Cir. 1999). But screening still is required under section 1915A . . . ."). Therefore, the Court screens the complaint under § 1915A. That statute directs the Court to review "a

4

complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). On this review, the Court must "dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2)–(3). This rule is intended to give a defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (internal citation omitted). "[D]etailed factual allegations" are not required under Rule 8's pleading standard, but the standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

To state a civil rights claim under § 1983, a plaintiff must allege that (1) they were deprived of a right, privilege, or immunity secured by

5

the federal Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155–57 (1978); *see Doe on behalf of Doe #2 v. Metro. Gov't of Nashville & Davidson Cnty.*, 35 F.4th 459, 468 (6th Cir. 2022). Courts hold a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.").

## III. Discussion

Plaintiff fails to state a claim against Miniard. Plaintiff's claims against Miniard are based on allegations that Miniard failed to supervise his subordinates. (ECF No. 1, PageID.5.) The Sixth Circuit has stated that

> individual liability on a failure-to-[supervise] . . . theory "must be based on more than respondeat superior, or the right to control employees." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (citation omitted). A simple failure to act, without "a showing of 'direct responsibility' for the actions of the individual officers," will not suffice to establish supervisory liability. *Hays v. Jefferson County*, 668 F.2d 869, 873–74 (6th Cir. 1982) (quoting *Rizzo v. Goode*, 423 U.S. 362, 376, 96 S. Ct. 598, 46 L.Ed.2d 561 (1976)). Instead, "supervisory liability

> requires some 'active unconstitutional behavior' on the part of
> the supervisor." *Peatross v. City of Memphis*, 818 F.3d 233,
> 241 (6th Cir. 2016) (quoting *Bass v. Robinson*, 167 F.3d 1041,
> 1048 (6th Cir. 1999)).

*Zakora v. Chrisman*, 44 F.4th 452, 475 (6th Cir. 2022); *see Troutman v. Louisville Metro Dep't of Corr.*, 979 F.3d 472, 487 (6th Cir. 2020) ("A supervisor may not be found liable under 42 U.S.C. § 1983 based on a *respondeat superior* theory." (citing *Winkler v. Madison Cnty.*, 893 F.3d 877, 898 (6th Cir. 2018))). The supervisor's "active unconstitutional behavior" must be "directly correlated with the plaintiff's injury." *Venema v. West*, 133 F.4th 625, 633 (6th Cir. 2025) (quoting *Essex v. Cnty. of Livingston*, 518 F. App'x 351, 355 (6th Cir. 2013)).

"An official 'cannot be held liable simply because . . . she was charged with overseeing' subordinate officers who violated the plaintiff's constitutional rights." *Id.* (quoting *Peatross*, 818 F.3d at 241). "The complaint must plead that the official violated the Constitution through her own actions." *Id.* (quoting *Iqbal*, 556 U.S. at 677). "[A]t a minimum, the plaintiff must show that the defendant at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officer[ ]." *Id.* (quoting *Peatross*, 818 F.3d at 242). "A supervisory official's failure to supervise, control, or train an offending

subordinate is not actionable without this minimum showing." *Id.* (citing *Shehee*, 199 F.3d at 300). "To hold a supervisor-defendant liable for a violation of a plaintiff's constitutional rights, there also needs to be 'a causal connection between the defendant's wrongful conduct and the violation alleged.'" *Id.* (quoting *Peatross*, 818 F.3d at 242).

Here, Plaintiff alleges that Miniard was responsible for the medical staff's departure from "'the most fundamental standards' of accepted medical practi[c]e." (ECF No. 1, PageID.5.) Plaintiff alleges that Miniard "failed to protect[ ] and take responsibility for the operation of his facility and staff." (*Id.*) Plaintiff further alleges that Miniard knew his actions would result in Plaintiff's knee possibly requiring corrective surgery. (*Id.*) These allegations are insufficient to state a failure-to-supervise claim against Miniard. Miniard cannot be held liable under § 1983 for the mere failure to act or simply because he was responsible for overseeing the facility and staff. *See Zakora*, 44 F.4th at 475; *Venema*, 133 F.4th at 633. Plaintiff does not allege that Miniard directly participated in, encouraged, knowingly acquiesced in, or implicitly authorized or approved the alleged unconstitutional conduct. *See id.* Nor does Plaintiff allege that Miniard "violated the Constitution through h[is] own actions."

*Venema*, 133 F.4th at 633. Plaintiff thus fails to state a claim of supervisory liability against Miniard.

In addition, Plaintiff fails to state a claim under the Fourteenth Amendment. Plaintiff alleges that the inadequate medical care violated his rights under the Fourteenth Amendment. (ECF No. 1, PageID.5.) States are obligated under the Constitution to provide medical care to incarcerated people. *See Estelle v. Gamble*, 429 U.S. 97, 102–03 (1976). The source of the right depends on whether the inmate is a convicted prisoner or pretrial detainee. The Eighth Amendment is the source of protection for convicted prisoners; the Fourteenth Amendment protects pretrial detainees. *See Helphenstine v. Lewis Cnty.*, 60 F.4th 305, 315 (6th Cir. 2023); *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004). At the time of the alleged constitutional violations, Plaintiff was a convicted prisoner. Therefore, the Eighth Amendment—not the Fourteenth Amendment—applies. Any claim brought by Plaintiff under the Fourteenth Amendment is dismissed.

## IV.   Conclusion

For the reasons set forth above, Plaintiff fails to state a claim for which relief may be granted against Miniard. Plaintiff also fails to state

a claim under the Fourteenth Amendment. Accordingly, Miniard is DISMISSED from this action. *See* 28 U.S.C. § 1915A(b)(1). Any claim Plaintiff asserts under the Fourteenth Amendment is DISMISSED as well. *See id.* Plaintiff's Eighth Amendment claim against Kirby proceeds.

IT IS SO ORDERED.

Dated: September 29, 2025          s/Judith E. Levy
     Ann Arbor, Michigan          JUDITH E. LEVY
                                      United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 29, 2025.

                                      s/William Barkholz
                                      WILLIAM BARKHOLZ
                                      Case Manager